

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXX~~ BERD
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-1536
Re: Is the property of Mercy
Hospital exempt from
taxation?

We are in receipt of your letter of September 30,
1939, together with the excellent brief contained therein,
in which you request an opinion of this Department as to
whether or not Mercy Hospital is exempt from the payment of
taxes.

Article 8, Section 2, of the Constitution, reads
in part as follows:

"The Legislature may, by general
laws, exempt from taxation public prop-
erty used for public purposes; * * *"

Article 7150, Section 7 of the Revised Civil Stat-
utes of Texas, provides as follows:

"Public charities. - All build-
ings belonging to institutions of
purely public charity, together with
the lands belonging to and occupied by
such institutions not leased or other-
wise used with a view to profit, unless
such rents and profits and all moneys
and credits are appropriated by such
institutions solely to sustain such in-
stitutions and for the benefit of the
sick and disabled members and their
families and the burial of the same,
or for the maintenance of persons when
unable to provide for themselves,
whether such persons are members of
such institutions or not. An institu-

> tion of purely public charity under
> this article is one which dispenses its
> aid to its members and others in sickness
> or distress, or at death, without regard
> to poverty or riches of the recipitent,
> also when the funds, property and assets
> of such institutions are placed and bound
> by its laws to relieve, aid and administer
> in any way to the relief of its members
> when in want, sickness and distress, and
> provide homes for its helpless and de-
> pendent members or other persons."

In your letter you state that Mercy Hospital is operated by the Sisters of St. Frances and that the property of the hospital is owned by them and is devoted exclusively to the purpose for which the hospital is operated. The hospital provides hospitalization to all who may come to it. The profits of the hospital are used solely for the purpose of operating the institution.

The leading case which construed Article 7150 was the case of Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926. In your letter you discussed this case and correctly analyzed the holding therein. As you state the test of whether or not a hospital is exempt from taxation depends upon whether or not the property is owned by the particular institution and used exclusively for the work of said institution. The hospital may make a profit and be exempt from taxation if this profit is used for the mainte- nance of said institution.

From the facts set out in your letter, it is evident that the Mercy Hospital would come within the definition of a hospital exempt from taxes as set out by the Commission of Appeals in the above discussed case.

In your letter you comment upon the fact that the County is billed for services rendered to patients placed in the hospital by the County Health Officer. In the San Antonio Case, the Court recognized that even a charity hospital had pay patients and that a profit was made from said patients. The only requirement is that this profit be used for the operation of the institution which requirement seems to be complied with in your case.

It is the opinion of this Department, then that from

Honorable Thomas A. Wheat, Page 3, (O-1536)

the facts received, Mercy Hospital should be exempt from taxation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/  Billy Goldberg

By

Billy Goldberg
Assistant

BG:RS:EB

APPROVED OCTOBER 20, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By B.W.B.
Chairman